UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SANDERS, 143350,

        Petitioner,

                      No. 12-cv-15122

v.

                      HON. Gershwin A. Drain

STEVE RIVARD,

        Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#21]

Presently before the Court is Petitioner's Motion for Reconsideration of the Court's June 30, 2014 Order denying his Petition for a Writ of Habeas Corpus, Denying Certificate of Appealability, and Denying Permission to Proceed In Forma Pauperis. *See* Dkt. #17.

The standard of review for a motion to reconsider is provided in Local Rule 7.1(h)(3) of this Court:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions

that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

In the instant Motion, Petitioner argues the Court failed to apply the rule on retroactivity established in *Teague v. Lane*, 489 U.S. 288 (1989). Under *Teague*, a new rule can retroactively alter a conviction if it: 1) places kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe, or prohibits a certain category of punishment for a class of defendants because of their status or offense; or 2) is a watershed rule of criminal procedure that implicates the fundamental fairness and accuracy of a criminal proceeding. *Teague*, 489 U.S. at 311.

Petitioner argues that the Supreme Court's ruling in *McDonald v. City of Chicago*, 561, U.S. 742 (2010), which incorporated the Second Amendment should apply retroactively to his case. This argument, however, was addressed in the Court's Order. The Court found those claims without merit because Petitioner was convicted under Michigan's conspiracy to commit murder statute. Incorporation of the Second Amendment applying it to the states does not make the conduct proscribed in such a statute beyond the power of criminal law making or create a watershed rule. The right to bear arms does not create a broader category of self-defense that sanctions murder or conspiracy to commit murder. *See* Dkt. #17 at 9.

Petitioner is reasserting arguments the Court has previously rejected. Therefore, his Motion for Reconsideration [#21] is DENIED.

SO ORDERED.

Dated: August 25, 2014

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE